IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAY D. WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:19-CV-269-WKW-SMD |
| | ) |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 7, 2018, Plaintiff filed a Complaint (Doc. 1) in the Western District of Missouri. That court entered an order (Doc. 13) granting former defendant Geico Insurance Company's motion to dismiss (Doc. 3) and former defendants Missouri Department of Revenue and the State of Missouri's motion to dismiss (Doc. 8). The Western District of Missouri then ordered that the case be transferred to this district on April 18, 2019. *See* (Doc. 14).

Since that time, Plaintiff has taken no action in the case. On February 7, 2020, the undersigned entered an order directing Plaintiff to file a notice with the Court regarding whether he intends to proceed with this suit. *See* (Doc. 16). The date for compliance with that order passed, and Plaintiff did not file notice with the Court indicating that he wished to proceed with the case. In that February 7th Order, the undersigned warned Plaintiff

> **that his failure to comply with this Order shall be construed as abandonment of his claims and shall result in the undersigned entering an order recommending that this case be dismissed for failure to abide by court orders and failure to prosecute.**

*Id*. at 2.

On March 5, 2020, the undersigned entered a second order directing Plaintiff to show cause, if any there be, why this case should not be dismissed for his failure to abide by court orders and for failure to prosecute. *See* (Doc. 18). The date for compliance with that order passed, and Plaintiff did not show cause as to why the undersigned should not recommend dismissal of the case. In that March 5th Order, the undersigned again warned Plaintiff

> **that his failure to comply with this Order will be construed as abandonment of his claims and will result in the undersigned's recommendation that this case be dismissed for failure to abide by court orders and failure to prosecute.**

*Id*. at 2.

Accordingly, because Plaintiff has demonstrated to the undersigned that he has abandoned his case and that he will not abide by court orders, it is the

RECOMMENDATION of the undersigned that this case be dismissed with prejudice[1] for failure to prosecute and for failure to abide by orders of the court.

It is further

---

[1] The undersigned recommends dismissal with prejudice in this cause because lesser sanctions will not serve the interests of justice. Dismissal with prejudice is permissible when a plaintiff disregards a court's order despite being warned about the consequences. *See Barone v. Wells Fargo Bank, N.A.*, 757 F. App'x 877, 882 (11th Cir. 2018) (finding that dismissal with prejudice was justified under the circumstances because the *pro se* plaintiff "disregarded the district court's order despite being warned about the consequences"). Here, by failing to respond to two court orders, Plaintiff has clearly demonstrated that he no longer intends to pursue this action against Defendants or that he will not abide by orders of the Court. Under either scenario, permitting Plaintiff another chance to proceed with his claim will prejudice Defendants and will waste valuable judicial resources in the process. Accordingly, the undersigned finds that lesser sanctions will not suffice and therefore recommends dismissal with prejudice of this action.

ORDERED that the parties shall file any objections to this Recommendation **on or before April 6, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of March, 2020.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE